Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Gregory Bruce Whaling, Jr.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BRUCE WHALING, JR.,<br><br>      Plaintiff,<br><br>      vs.<br><br>COUNTY OF RIVERSIDE, ROBERT GLASER and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM  FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4); *MONELL* CLAIM FOR FAILURE TO TRAIN; CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS; CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); FALSE ARREST / FALSE IMPRISONMENT; BATTERY; ASSAULT and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff GREGORY BRUCE WHALING, JR., and shows

COMPLAINT FOR DAMAGES
1

this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.    As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.    Plaintiff Gregory Bruce Whaling, Jr. timely filed his Claim For Damages against the County of Riverside on March 2, 2023, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq. Said claim was rejected by defendant County of Riverside on March 6, 2023.

## GENERAL ALLEGATIONS

5.    Plaintiff Gregory Bruce Whaling, Jr., hereinafter referred to as "WHALING" and/or "GREG WHALING" and/or "plaintiff" and/or "Gregory Whaling" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.    Defendant County of Riverside, hereinafter also referred to as "Riverside County" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7.    Defendant Robert Glaser, hereinafter referred to as "GLASER", is a

sworn officer and deputy sheriff with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department[1] and defendant County of Riverside[2].

8.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public officials or employee of defendant County of Riverside and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

9.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside[3].

10.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Riverside[4] and/or with some other public entity, who are in some substantial way

---

[1] And or with some other law enforcement agency.
[2] And or with some other municipal entity.
[3] And or with some other municipal entity.
[4] And or with some other municipal entity.

liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside[5] and/or with some other public entity, for:

1) failing to discipline its deputy sheriffs and supervisors for wrongfully arresting persons, and then after becoming aware of such unlawful arrests by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[6] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video Recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301; and

2) failing to discipline its deputy sheriffs and supervisors for using excessive force upon persons, and then after becoming aware of such using excessive force upon persons by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[7] from civil liability,

---

[5] And or with some other municipal entity.
[6] And or with some other municipal entity.
[7] And or with some other municipal entity.

and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301.

11.   Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

12.   At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Riverside and/or with some other public entity, and/or some other public official(s) with the County of Riverside[8] and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant the County of Riverside[9].

13.   At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Riverside[10].

14.   Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Riverside and/or with some other public entity, for, *inter alia*:

[8] And or with some other municipal entity.
[9] And or with some other municipal entity.
[10] And or with some other municipal entity.

COMPLAINT FOR DAMAGES
5

failing to train its police officers that they have no right to use unreasonable force upon civilians, and that they have no right to falsely arrest civilians for constitutionally protest First Amendment activities, and by failing to train Riverside County Sheriff's Department deputy sheriffs and supervisors, the contours of First Amendment free speech / to petition rights to protest police actions, and by failing to train its deputy sheriffs and other sworn deputies and officers, by:

1) failing to discipline its deputy sheriffs and supervisors for wrongfully arresting persons, and then after becoming aware of such unlawful arrests by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[11] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video Recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301; and

2) failing to discipline its deputy sheriffs and supervisors for using excessive force upon persons, and then after becoming aware of such using excessive force upon persons by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[12] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering

---

[11] And or with some other municipal entity.
[12] And or with some other municipal entity.

COMPLAINT FOR DAMAGES

6

evidence, like body worn camera video recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301; and

3) failing to discipline its deputy sheriffs and supervisors for falsely detaining and falsely arresting civilians for violation of Cal. Penal Code § 148(a)(1) for engaging in constitutionally protected verbal protests of police actions, and then after becoming aware of such deputies and supervisors falsely arresting civilians for violation of Cal. Penal Code § 148(a)(1) for engaging in constitutionally protected verbal protests of police actions by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[13] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301.

15.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Gregory Whaling of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Gregory Whaling of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

16.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the

---

[13] And or with some other municipal entity.

violation of the plaintiff Gregory Whaling's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT[14]**
**[42 U.S.C. § 1983]**
**(By Plaintiff GREGORY WHALING Against Defendants GLASER and DOES 1 through 10, inclusive)**

17.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.     On September 14, 2022, at approximately 6:30 p.m., plaintiff WHALING was walking his dog with his partner, Karen Porter, at his apartment complex[15] ("Madera Vista Apartments") located at 44153 Margarita Road in the City of Temecula, California.

19.     Plaintiff WHALING then encountered defendant GLASER and/or DOE 1 and/or DOE 2, who had detained an unidentified homeless person that plaintiff had encountered before. This homeless person had been illegally squatting at the Madera Vista Senior Building in the apartment complex where plaintiff resides for some time.

20.     When said unidentified homeless person saw plaintiff WHALING, he told defendant GLASER "that guy has been harassing me"[16]; referring to plaintiff WHALING.

21.     Plaintiff WHALING then responded to the unidentified homeless person that he was a freeloader and it was about time someone did something about it.[17]

22.     At that moment, defendant GLASER and/or DOE 1 and/or DOE 2

---

[14] U.S. Const. Amend. 4.
[15] Where he resided.
[16] Or words to that effect.
[17] Or words to that effect.

then turned his attention away from the unidentified homeless person and told plaintiff WHALING that he was interfering with his investigation, and if plaintiff did not stop talking, defendant GLASER and/or DOE 1 and/or DOE 2 would deploy his Taser upon plaintiff WHALING.

23.    Plaintiff WHALING then said to defendant GLASER and/or DOE 1 and/or DOE 2, *"I bet you won't"*[18], and lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 his knees.[19]

24.    Defendant GLASER and/or DOE 1 and/or DOE 2 then came towards plaintiff WHALING, grabbed him and tackled him to the ground with brutal and excessive force, causing him injury to his right knee.

25.    Defendant GLASER and/or DOE 1 and/or DOE 2 then called for backup.

26.    Once backup arrived, DOE 3 and/or DOE 4, plaintiff WHALING tried to stand up, but fell back down onto the ground.

27.    Defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 helped plaintiff WHALING up off of the ground, handcuffed him, and placed him in the back of a patrol car.

28.    In handcuffing plaintiff WHALING, defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to his wrists. Said use of excessive force by defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 was not justified, and caused physical injuries to plaintiff's arms and wrists.

29.    Defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 then transported plaintiff WHALING to Temecula Valley Hospital,

---

[18] Or words to that effect.
[19] Plaintiff WHALING walks with a cane and has had both of his knees replaced. He lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 that both of his knees had been obviously replaced by displaying the scars on his knees.

COMPLAINT FOR DAMAGES

9

where the hospital took x-rays of his knees and medically cleared him for booking.

30.     Plaintiff WHALING was then transported to jail at the Southwest Detention Center in Murrieta, California.

31.     Once inside the jail, plaintiff WHALING had his cane, sandals and socks taken away during the booking process. Plaintiff was walking barefoot with extreme difficulty because of his knee replacement surgeries during the entire period of his false imprisonment and incarceration.

32.     Plaintiff WHALING asked one of the deputies if he could have a wheelchair, and was told that the jail did not have one, thus refusing to accommodate his disability.

33.     While in jail, plaintiff WHALING was interviewed by a presently unidentified Riverside County Sheriff's Department deputy sheriff, and Sergeant Michael Perez. Sergeant Perez asked plaintiff WHALING if he thought that defendant GLASER used excessive force upon plaintiff. Plaintiff responded by lifting his shorts to show Sergeant Perez his injured knee.

34.     Plaintiff WHALING remained falsely imprisoned in jail until approximately 6:00 a.m. the following morning, September 15, 2022, after spending approximately 11.5 hours in police custody.

35.     Upon his release from Southwest Detention Center that morning, plaintiff WHALING was then issued a citation for a violation of Cal. Penal Code § 148(a)(1).

36.     Thereafter, plaintiff WHALING was transported by his partner, Karen Porter, to Kaiser Permanente Moreno Valley Medical Center in Moreno Valley California. Plaintiff WHALING received treatment for his injuries, including having x-rays taken and was prescribed medication.

37.     September 19, 2022, plaintiff WHALING received a "Notice of Correction and Proof of Service" from the Riverside County Sheriff's Department

deputy Pierson, amending plaintiff WHALING's date of birth.

38.     On October 19, 2022, plaintiff WHALING received a "Certificate of Detention" in the mail which stated the Riverside County District Attorney's Office did not file criminal charges against plaintiff WHALING, and that "In compliance with the provisions of Section 849.5 of the California Penal Code, as amended, we are notifying you that our records of your involvement in this incident have been changed from an "Arrest" to a "Detention."[20]

39.     On December 23, 2022, plaintiff WHALING was visited by Sergeant Michael Perez at his home in plain clothes. Sergeant Perez interviewed plaintiff WHALING and his partner, Karen Porter, asking them what happened during the subject incident. Sergeant Perez audio recorded the statements made by plaintiff WHALING and Karen Porter.

40.     On January 30, 2023, plaintiff WHALING filed a civilian complaint against defendant GLASER alleging excessive force; that defendant GLASER tackled plaintiff WHALING.

41.     On February 16, 2023, the Riverside County Sheriff's Department sent plaintiff WHALING a letter acknowledging receipt of his civilian complaint and stated that an internal investigation would be conducted about the subject September 14, 2022 incident. Plaintiff WHALING was never informed about the results of that internal investigation.

42.     The actions of defendants GLASER and DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff WHALING's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure his person.

43.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1)

---

[20] Just as a bell that has been rung cannot be un-rung, the Riverside County Sheriff's Department cannot magically change an "arrest" to a "detention."

substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

44.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### SECOND CAUSE OF ACTION
### USE OF UNREASONABLE FORCE ON PERSON
### UNDER FOURTH AMENDMENT[21]
### [42 U.S.C. § 1983]
### (By Plaintiff GREG WHALING Against Defendants GLASER and DOES 1 through 10, inclusive)

45.     Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.     As shown above, on September 14, 2022, plaintiff WHALING encountered defendant GLASER and/or DOE 1 and/or DOE 2, who had detained an unidentified homeless person that plaintiff had encountered before. This homeless person had been illegally squatting at the Madera Vista Senior Building in the apartment complex where plaintiff resides.

47.     Also, as shown above, when that unidentified homeless person saw plaintiff WHALING, he told defendant GLASER "*That guy has been harassing me";* referring to plaintiff WHALING.

48.     Moreover, as shown above, plaintiff WHALING then responded to the unidentified homeless person that he was a freeloader, and that it was about time someone did something about it.

---

[21] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES
12

49.     Furthermore, as shown above, at that moment, defendant GLASER and/or DOE 1 and/or DOE 2 then turned his attention away from the unidentified homeless person and told plaintiff WHALING that he was interfering with his investigation, and if plaintiff did not stop talking, defendant GLASER and/or DOE 1 and/or DOE 2 would deploy his Taser upon plaintiff WHALING.

50.     Also, as shown above, plaintiff WHALING then said to defendant GLASER and/or DOE 1 and/or DOE 2, *"I bet you won't"*, and lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 his knees[22]. Plaintiff WHALING walks with a cane and has had both of his knees replaced. He lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 that both of his knees had been obviously replaced.

51.     As shown above, defendant GLASER and/or DOE 1 and/or DOE 2 then came towards plaintiff WHALING, grabbed him and tackled him to the ground with brutal and excessive force, causing him injury to his right knee.

52.     Defendant GLASER and/or DOE 1 and/or DOE 2 then called for backup.

53.     Once backup arrived, DOE 3 and/or DOE 4, plaintiff WHALING tried to stand up, but fell back down to the ground.

54.     As shown above, defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 helped plaintiff WHALING up off of the ground, handcuffed him, and placed him in the back of a patrol car.

55.     Moreover, as shown above, in handcuffing plaintiff WHALING, defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to his wrists. Said use of excessive force by defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 was not justified, and caused physical

---

[22] Plaintiff WHALING walks with a cane and has had both of his knees replaced. He lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 that both of his knees had been obviously replaced by displaying the scars on his knees.

COMPLAINT FOR DAMAGES

13

injuries to plaintiff's arms and wrists.

56.     Defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 then transported plaintiff WHALING to Temecula Valley Hospital where the hospital took x-rays of his knees and medically cleared him for booking.

57.     The actions of defendants GLASER and DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff WHALING's rights under the Fourth Amendment to the United States Constitution, to be free from the use of unlawful and unreasonable and excessive force upon his person.

58.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

59.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Failure To Train / Failure to Discipline**
**(By Plaintiff GREG WHALING Against Defendants GLASER and DOES 1 through 10, inclusive)**

60.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59 inclusive, above, as if set forth in full herein.

61.     As shown above, when defendants GLASER and DOES 1 through 10, inclusive, deprived plaintiff WHALING of his particular rights under the United States Constitution, they were acting under the color of state law.

62.     The training policies of defendants COUNTY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants COUNTY and DOES 7 through 10, inclusive, to wit, by failing to train its police officers that they have no right to use unreasonable force upon civilians, and that they have no right to falsely arrest civilians for constitutionally protest First Amendment activities, and by failing to train Riverside County Sheriff's Department deputy sheriffs and supervisors, the contours of First Amendment free speech / to petition rights to protest police actions, and by failing to train its deputy sheriffs and other sworn deputies and officers, by:

1) failing to discipline its deputy sheriffs and supervisors for wrongfully arresting persons, and then after becoming aware of such unlawful arrests by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[23] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video Recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301; and

2) failing to discipline its deputy sheriffs and supervisors for using excessive force upon persons, and then after becoming aware of such

---

[23] And or with some other municipal entity.

using excessive force upon persons by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[24] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301; and

3) failing to discipline its deputy sheriffs and supervisors for falsely detaining and falsely arresting civilians for violation of Cal. Penal Code § 148(a)(1) for engaging in constitutionally protected verbal protests of police actions, and then after becoming aware of such deputies and supervisors falsely arresting civilians for violation of Cal. Penal Code § 148(a)(1) for engaging in constitutionally protected verbal protests of police actions by such Riverside County Sheriff's Department deputy sheriffs and supervisors, encouraging them to hide / conceal / destroy / alter evidence, like body worn camera video recordings, to cover-up their misconduct, for civil liability purposes, to protect defendant County of Riverside[25] from civil liability, and to assist the Riverside County risk Management department in fabricating evidence, and hiding / concealing / destroying / altering evidence, like body worn camera video recordings; all pursuant to Riverside County Sheriff's Department Policies and Procedures Manual Policies 300 and 301.

63.     Defendants COUNTY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their

---

[24] And or with some other municipal entity.
[25] And or with some other municipal entity.

police officers and other sworn peace officer personnel adequately; and

64.     The failure of defendants COUNTY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiff's rights by the defendants GLASER, DOES 1 through 4, inclusive, COUNTY and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury, to wit; it GLASER and the DOE deputy sheriffs would have been properly trained on Firs Amendment jurisprudence, that it is not a violation of Cal. Penal Code § 148(a)(1) for civilians to verbally challenge and to verbally protest police actions, the events complained of in this case would not have happened.

65.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

66.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### FOURTH CAUSE OF ACTION
**VIOLATION OF RIGHT TO FREE SPEECH / PETITION TO REDRESS UNDER THE FIRST AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff GREG WHALING Against Defendants GLASER and DOES 1 through 10, inclusive)**

67.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein. T7

68.     As shown above, on September 14, 2022, plaintiff WHALING

encountered defendant GLASER and/or DOE 1 and/or DOE 2, who had detained an unidentified homeless person that plaintiff had encountered before. This homeless person had been illegally squatting at the Madera Vista Senior Building in the apartment complex where plaintiff resides.

69.    Also, as shown above, when that unidentified homeless person saw plaintiff WHALING, he told defendant GLASER *"That guy has been harassing me",* referring to plaintiff WHALING.

70.    Moreover, as shown above, plaintiff WHALING then responded to the unidentified homeless person that he was a freeloader and it was about time someone did something about it.

71.    Furthermore, as shown above, at that moment, defendant GLASER and/or DOE 1 and/or DOE 2 then turned his attention away from the unidentified homeless person and told plaintiff WHALING that he was interfering with his investigation, and that if plaintiff did not stop talking, that defendant GLASER and/or DOE 1 and/or DOE 2 would deploy his/their Taser at plaintiff WHALING.

72.    Also, as shown above, plaintiff WHALING then said to defendant GLASER and/or DOE 1 and/or DOE 2, *"I bet you won't"*, and lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 his knees. Plaintiff WHALING walks with a cane and has had both of his knees replaced. He lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 that both of his knees had been obviously replaced[26].

73.    As shown above, in response to and in retaliation for plaintiff WHALING verbally protesting to defendants GLASER and/or DOE 1 and/or DOE 2 then came towards plaintiff WHALING, grabbed him and tackled him to the ground with brutal and excessive force, causing him injury to his right knee,

74.    As shown above, throughout the course of the subject incident,

---

[26] Plaintiff WHALING walks with a cane and has had both of his knees replaced. He lifted his shorts to show defendant GLASER and/or DOE 1 and/or DOE 2 that both of his knees had been obviously replaced by displaying the scars on his knees.

COMPLAINT FOR DAMAGES

18

plaintiff WHALING verbally protested to defendants GLASER and DOES 1 through 4, inclusive.

75.     Defendant GLASER and/or DOE 1 and/or DOE 2 then called for backup.

76.     Once backup arrived, DOE 3 and/or DOE 4, plaintiff WHALING tried to stand up, but fell back down to the ground.

77.     As shown above, defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 helped plaintiff WHALING up off the ground, handcuffed him, and placed him in the back of a patrol car.

78.     Moreover, as shown above, in handcuffing plaintiff WHALING, defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to his wrists. Said use of excessive force by defendants GLASER and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 was not justified, and caused physical injuries to plaintiff's arms and wrists.

79.     Moreover, defendants GLASER's and DOES 1's through 4's, inclusive, violent and brutal actions taken by them against plaintiff WHALING would chill a person of ordinary firmness from continuing to engage in the protected activity; and

80.     Plaintiff WHALING's protected activity (verbal statements to defendants about the squatter, and verbal challenge to the defendant deputy sheriffs for his/their threatening of him to be tased and then tackled to the ground) was a substantial or motivating factor in the defendants GLASER and DOES 1 through 3, inclusive's decisions to seize plaintiff, to use unreasonable / excessive force upon plaintiff and to arrest plaintiff.

81.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical

bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

82.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION
## Violation of Cal. Civil Code § 52.1
### Under California State Law
**(By Plaintiff , individually, Against Defendants GLASER, COUNTY and DOES 1 to 3 and 7 and 8, inclusive)**

83.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84.    As shown above, defendants GLASER and DOES 1 through 4, inclusive, used unlawful and excessive force upon plaintiff WHALING without a warrant or probable cause, or even a reasonable suspicion of criminality afoot of the plaintiff.

85.    Said actual use of violence against the plaintiff WHALING by said defendants GLASER and DOES 1 through 4, inclusive, caused physical injury to WHALING, and constituted the actual use of violence against the plaintiff WHALING in order to deter and prevent him from exercising his constitutional right to be free from the use of excessive force upon his person.

86.    Moreover, as shown above, said defendants GLASER and DOES 1 through 4, inclusive, intentionally used unlawful and unreasonable force upon plaintiff WHALING; said use of unreasonable force in itself being a violation of Section 52.1.

87.    Said defendants GLASER and DOES 1 through 4, inclusive, interfered with, and/or attempted to interfere with, by use of actual violence, the

COMPLAINT FOR DAMAGES

exercise or enjoyment by the plaintiff WHALING of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

88.   Said defendants COUNTY, GLASER and DOES 1 through 4, inclusive, are liable to the plaintiff WHALING for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

89.   As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

90.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

91.   In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, plaintiff WHALING is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

**SIXTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiff GREG WHALING Against Defendants GLASER, COUNTY and DOES 1 through 10, inclusive)**

92.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in

full herein.

93.     As complained of above, plaintiff WHALING was unlawfully seized and arrested by defendants GLASER and DOES 1 through 4, inclusive, on September 14, 2022.

94.     As complained of above, said defendants GLASER and DOES 1 through 4, inclusive: (1) had neither a warrant nor probable cause to believe that plaintiff WHALING had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiff; (2) The plaintiff WHALING was actually harmed by said conduct of defendants GLASER and DOES 1 through 4, inclusive; and (3) the conduct of defendants GLASER and DOES 1 through 4, inclusive was substantial factor in causing the plaintiff harm.

95.     Defendants COUNTY, GLASER and DOES 1 through 4, inclusive, are liable to the plaintiff for his false arrest / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

96.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

97.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Battery**
**Under California State Law**
**(By Plaintiff GREG WHALING Against Defendants GLASER, COUNTY and DOES 1 through 10, inclusive)**

COMPLAINT FOR DAMAGES
22

98.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 97, inclusive, above, as if set forth in full herein.

99.     The actions committed by defendants GLASER and DOES 1 through 4, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff WHALING, and constituted a battery of him by defendants GLASER and DOES 1 through 4, inclusive, under California state law.

100.     Defendants COUNTY, GLASER and DOES 1 through 4, inclusive, and each of them, are liable to the plaintiff WHALING for said battery of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

101.     As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

102.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

### EIGHTH CAUSE OF ACTION
**Assault**
**Under California State Law**
**(By Plaintiff GREG WHALING Against Defendants GLASER, COUNTY and DOES 1 through 10, inclusive)**

103.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 102, inclusive, above, as if set forth

in full herein.

104.    The actions committed by defendants GLASER and DOES 1 through 4, inclusive, above-described, constituted an assault of the plaintiff WHALING under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants GLASER and DOES 1 through 4, inclusive.

105.    Defendants COUNTY, GLASER and DOES 1 through 4, inclusive, are liable to under California state law for said assaults of the plaintiff WHALING, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

106.    As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

107.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

### NINTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress
Under California State Law
(By Plaintiff GREG WHALING Against Defendants GLASER, COUNTY
and DOES 1 through 10, inclusive)**

108.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 107, inclusive, above, as if set forth in full herein.

109.   Defendants GLASER and DOES 1 through 4, inclusive, and each of them, knew and/or should have known that plaintiff WHALING was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff WHALING as complained of above and herein.

110.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

111.   Defendants COUNTY, GLASER and DOES 1 through 4, inclusive, are liable to under California state law for said intentional inflictions of emotional distress of the plaintiff WHALING, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

112.   As a direct and proximate result of the actions of defendants GLASER and DOES 1 through 10, inclusive, plaintiff WHALING was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

113.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff WHALING's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)      For a judgment against all defendants for punitive damages in an amount in excess of $3,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING
Attorney for plaintiff