**LAW OFFICES OF JERRY STEERING**
Jerry L. Steering (SBN 122509)
Brenton Whitney Aitken Hands (SBN 308601)
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerry@steeringlaw.com; jerrysteering@yahoo.com
brentonaitken@gmail.com
Attorney for plaintiff Gregory Bruce Whaling, Jr.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BRUCE WHALING, JR.<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, ROBERT GLASER, and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | Case No.: 5:23-cv-01817-DSF-SPx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**UNITED STATES MAGISTRATE JUDGE SHERI PYM**<br><br>**UNITED STATES DISTRICT JUDGE DALE S. FISCHER**<br><br>**[NOTE ¶ 12 ADDED BY COURT]** |

**COME NOW** the parties this action, plaintiff Gregory Bruce Whaling, Jr., by and through his counsel of record, Jerry L. Steering, LAW OFFICE OF JERRY L. STEERING, and defendants County of Riverside and Robert Glaser, by and through their counsel of record, Ricardo Baca, DEAN GAZZO ROISTACHER LLP, and Stipulate and Agree that a Protective Order issue in this case for the Internal Affairs Investigation of defendant Robert Glaser for his actions during the subject September 14, 2022 incident complained of in this case, the terms of which to be shown below:

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

1

**IT IS SO STIPULATED:**

                    **LAW OFFICE OF JERRY L. STEERING**

Dated: June 26, 2024      /s/  Jerry L. Steering
                                     JERRY L. STEERING, ATTORNEY FOR
                                     PLAINTIFF GREGORY BRUCE WHALING, JR.

                    **DEAN GAZZO ROISTACHER LLP**

Dated: June 26, 2024      /s/  Ricardo Baca
                                     RICARDO BACA, ATTORNEY FOR
                                     DEFENDANTS COUNTY OF RIVERSIDE and
                                     ROBERT GLASER

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that the any document, recordings and other items of evidence produced by defendants County of Riverside and/or Robert Glaser to the plaintiff obtained or created pursuant to defendant County of Riverside's / Riverside County Sheriff's Department's Internal Affairs Investigation of defendant Robert Glaser's actions during the September 14, 2022 incident complained of in this case be deemed "CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS", and shall only be disclosed and disseminated as follows until further order of this court or of a court of competent jurisdiction:

**CONFIDENTIAL DOCUMENTS:**

The following categories of documents are deemed to be "CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS" for the purpose of this Order:

1.    Any documents or other items, including but not limited to audio and/or video recordings, reports, recordings, letters, emails, texts, memorandum

1  and other "written"[1] documents / items, footage, photographs, and/or audio
2  recordings, which defendants produce to the plaintiff in this action that are records
3  (documents, recordings and other items) that are exclusively kept in defendant
4  Riverside County Sheriff's Department deputy sheriff Robert Glaser's peace
5  officer's personnel file at the Riverside County Sheriff's Department regarding,
6  obtained, created or generated pursuant to the Internal Affairs Investigation of
7  defendant Robert Glaser's actions during the September 14, 2022 incident
8  complained of in this action.

2. CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS material may not be disclosed, except as provided in paragraph 4, without first applying to this Court, or to some other court of competent jurisdiction including state courts, for an order removing the "CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS" designation from any such documents, or otherwise from relief in some other way from the confidentiality provisions of this Protective Order.

3. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as confidential material, that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

---

[1] Written in the sense of either actually handwritten or typed on an actual piece of paper / other physical material, or, in the sense of some type of computer / electronic document that is stored in electronic / digital (or even analog) format on some sort of computer or other electronic device, such as a "Word doc. / Word docx.", a .pdf document or some other electronically created or stored document.

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER
3

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

Nothing in this Order is intended or should be construed as authorizing or encouraging a party to disobey a lawful subpoena.

Nothing in this Order is intended or should be construed so as to prevent dissemination of the otherwise protected CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS to any law enforcement agency.

4. CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS material may be disclosed only to the following persons:

(a) Counsel for any party and any party to this litigation;

(b) Any party to this litigation

(c) Any Paralegal, investigator, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(d) Any Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

(e) Any expert or consultant retained in connection with this action.

(f) Other persons, but only pursuant to either agreement of either of the defendants to this action.

5. Nothing in paragraph 4 is intended to prevent officials or employees of the County of Riverside or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties.

6. Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Riverside with respect to what he or she saw, heard, or otherwise sensed.

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER
4

7. Moreover, any document items or thing that are in the possession of the parties to this action (or in the possession of third parties) that is not presently protected by any such protective order, that has already been disclosed to the other parties in this action or is otherwise already in the public domain, are not protected by this instant protective order.

8. Each person to whom disclosure of "CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS" documents is made, with the exception of counsel, who have appeared of record in this case (or who are being consulted in this case by counsel in this case) and are presumed to know the contents of this protective order, and of the Court (including its clerks, reporters, personnel and staff), shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order and shall be informed that compliance with the confidentiality provisions of this Protective Order are mandatory and subject to contempt of this Honorable Court for a violation of those provisions.

9. If a party seeks to file or lodge any CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS material or information which is the subject of this Protective Order, the materials to be filed or lodged must be accompanied by an application to file under seal in accordance with the Local Rules of the District Court. CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS material may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential material at issue, unless any such application to file or lodge these materials under seal is denied by the District Court.

10. The provisions of this order in so far as they restrict the disclosure and use of the protected CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS shall be in effect until further order of this Court or of some court of competent jurisdiction, including state courts.

11. The foregoing is without prejudice to the right of any party:

(a) To apply to the District Court or to some court of competent jurisdiction, including state courts, for a further protective order relating to confidential material or relating to discovery in this litigation or to amend or vacate this Protective Order;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

12. Any use of CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS at trial shall be governed by the orders of the trial judge. This Order does not govern the use of CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS at trial.

**IT IS SO ORDERED:**

Dated: June 28, 2024  _____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER
6